UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :

WALTER R. YETNIKOFF,                   :

                        Plaintiff,               :

                                                        :      06 Civ. 13494 (GEL)
    -against-                            :

                                                        :      **OPINION AND ORDER**
TERESITA MASCARDO, et al.,         :

                       Defendants.          :

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      This case involves two sets of disputes. One pertains to the condition of plaintiff's apartment, and the other pertains to efforts by certain defendants to collect rent owed by plaintiff. Defendant Teresita Mascardo is plaintiff's landlord. Defendants Gross and Gross LLP and Ronald Lopez (collectively, "Gross and Gross") are a law firm and an employee of that firm. Defendants The Ashe Group, Inc., and Ariel Tirosh (collectively, "the Ashe Group") are a real estate brokerage and an employee of that brokerage.

      On February 1, 2007, the parties appeared for a conference at which defendants Mascardo and the Ashe Group orally moved to dismiss plaintiff's claims against them (all of which were, at that time, based on state law) for lack of supplemental jurisdiction. The Court issued an order later that day directing those defendants to submit a letter briefly setting forth the basis for their motion. The defendants did so on February 15, 2007, plaintiff responded by letter brief dated February 23, 2007, and defendants submitted a letter brief in reply on February 26, 2007. During the same time period, plaintiff filed an Amended Complaint.

The third, fourth and fifth claims for relief in the Amended Complaint are made under state law, and pertain to disputes involving high noise levels in the apartment and the lack of carpeting in the common areas of the building. The first claim for relief involves alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., by defendants Gross and Gross and Lopez in the course of their attempts to collect rent from the plaintiff. Paragraph 50 of the Amended Complaint contains a new allegation that defendant Mascardo "aided and abetted" the FDCPA violations alleged in the first claim for relief.

The Amended Complaint also adds a new Second Claim for Relief, alleging that the initiation of an action in housing court by defendants Mascardo and Gross and Gross constituted unlawful debt collection practices in violation of 15 U.S.C. § 1692d, and a new Sixth Claim for Relief alleging that through the initiation of the housing court action, these three defendants "abused the judicial process."

Importantly, plaintiff does not allege that the rent which defendants were attempting to collect was withheld for any reason relating to the disputes from which the third, fourth and fifth claims for relief arise. On the contrary, he alleges that he unintentionally bounced a rent check. (Amended Compl. ¶ 17.)

Defendants Mascardo and the Ashe Group now move for the dismissal of all claims against them. (Ltr. from Debra J. Millman to the Court, Feb. 26, 2007, at 2.) They do not, however, indicate any legal basis for the dismissal of the FDCPA claims against Mascardo in the first and sixth claims for relief, which, as federal claims, are of course not subject to dismissal for lack of supplemental jurisdiction. Accordingly, the motion to dismiss will be denied as to the FDCPA claims against Mascardo without prejudice to subsequent motions to dismiss those

claims on other grounds. The motion to dismiss as to the state law claims against Mascardo and the Ashe Group will be granted in part and denied in part.

A district court may exercise supplemental jurisdiction over state-law claims "in any civil action of which the district courts have original jurisdiction," as long as those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); see Lerner v. Fleet Bank, N.A., 318 F.3d 113, 125 (2d Cir. 2003). A state law claim forms part of the same controversy if it and the federal claim "derive from a common nucleus of operative fact." Cicio v. Does, 321 F.3d 83, 97 (2d Cir. 2003), quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997). A court commonly will exercise supplemental jurisdiction if "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of hearing the claims at the same time. Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251 (2d Cir. 1991), quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

The sixth claim for relief in the Amended Complaint, which alleges abuse of judicial process, involves the same facts as the second claim for relief, an FDCPA claim, and so it clearly shares a common nucleus of operative fact with that federal claim. The third, fourth, and fifth claims for relief, however, share no operative facts of any significance with any federal claim.

Plaintiff argues that "all the claims arise from Yetnikoff's decision to enter the lease." (Smith Ltr. to the Court, Feb. 23, 2007 ("Smith Ltr."), at 1.) This is true only in the same sense that all the claims arise ultimately from Yetnikoff's decision to live in Manhattan, or from the fact of his birth. There is no "common nucleus of operative fact" here because the lease and the alleged violations by the landlord would be irrelevant to a factfinder's determinations of liability

under the FDCPA; that statute pertains to the behavior of debt collectors, not landlords, see Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002), and to the extent plaintiff is able to demonstrate that his claims against Mascardo are viable as a matter of law, they will revolve around her actions as debt collector, not as landlord.  "[W]hile facts relevant to one claim might provide background with respect to the other, more is required" to satisfy the "common nucleus of operative fact" standard.  Burgess v. Omar, 345 F. Supp. 2d 369, 372 (S.D.N.Y. 2004).

Plaintiff relies almost exclusively on the Second Circuit's decision in Jones v. Ford Motor Co., 358 F.3d 205 (2d Cir. 2004), which involved allegations of discrimination in financing plans the under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 et seq. Jones. 358 F.3d at 207-08.  The Jones court concluded that supplemental jurisdiction could be appropriate over counterclaims for the amounts of the unpaid car loans,[1] id. at 213-14, a result which is eminently sensible because both sets of claims involved the plaintiffs' obligations under the financing agreements, id. at 207-08, and because the defendants' counterclaims presumably would have been meritless if, as plaintiffs claimed, the agreements were unlawful.  Such is not the case here; plaintiff has suggested no way in which the lawfulness of the debt collection efforts by the landlord and her attorneys depends upon whether the landlord and real estate broker violated the terms of the lease, or vice versa.  Indeed, plaintiff has failed to identify any fact material to both the federal and the state law claims.

---

[1] The court left open the question of whether a possible class certification would affect the questions of whether supplemental jurisdiction should be declined on the grounds that the state law claims "substantially predominate[d] over the claim or claims over which the district court has original jurisdiction," § 1367(c)(2), or on the basis of "exceptional circumstances" that created compelling reasons for declining jurisdiction, § 1367(c)(4).  Jones, 358 F.3d at 215-16.

As to the considerations of judicial economy raised in plaintiff's letter, even if plaintiff is correct that a dismissal for lack of supplemental jurisdiction will result in duplication of proceedings, plaintiff has only himself to blame for bringing this action, which is at heart a landlord/tenant dispute, in federal court.

Accordingly, it is hereby ORDERED that:

1. The motion to dismiss is granted in part and denied in part. The third, fourth, and fifth claims for relief in the Amended Complaint are dismissed.

2. The parties remaining in the case are directed to prepare a case management plan and submit it to the Court by March 20, 2007.

SO ORDERED.

Dated: New York, New York
March 6, 2007

_____
GERARD E. LYNCH
United States District Judge